UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF WILLIAM
AND SANDRA MARTINEZ, AS                    CASE NO.  8:11-cv-802-T-23MAP
OWNERS,

    Plaintiffs.
_____/

**ORDER**

The plaintiffs, William and Sandra Martinez, seek (Doc. 1) exoneration from or limitation of liability under the Limitation of Liability Act ("Limitation Act"), 46 U.S.C. § 30501-30512, for a claim arising from a July 9, 2009, incident in which Jessica Cauble ("Cauble") was injured aboard the plaintiffs' yacht.  Cauble contends (Doc. 5) the action is not timely filed, and the plaintiffs respond (Doc. 7) in opposition.

The Limitation Act "limits a vessel owner's liability for any damages from a maritime accident to the value of the vessel and its freight."  P.G. Charter Boats, Inc. v. Soles, 437 F.3d 1140, 1142 (11th Cir. 2006).  To prevent a vessel owner's strategically delaying a limitation action, see Paradise Divers, Inc. v. Upmal, 402 F.3d 1087, 1090 (11th Cir. 2005), the Limitation Act requires a vessel owner to sue to limit liability within six months "after a claimant gives the owner written notice of a claim."
46 U.S.C. § 30511(a); see also FED.R.CIV.P. Supp. F(1); Local Rule 7.06.

The Limitation Act bars this action if the plaintiffs received written notice of a claim in September and October, 2009, letters (Doc. 5 Exs. A, C, E, F) from Cauble's attorney

to the plaintiffs' insurance adjuster.  On the other hand, this action is timely if the plaintiffs' received written notice in a March, 2011, demand letter (Doc. 7 Ex. 1) from Cauble's attorney.

Notice occurs if a writing both "informs the vessel owner of an actual or potential claim [that] may exceed the value of the vessel" and "reveal[s] a reasonable possibility that the claim . . . is one subject to limitation." Upmal, 402 F.3d at 1090 (citations and internal quotations omitted).  "[T]he writing must (1) demand a right or supposed right; (2) blame the vessel owner for any damage or loss; and (3) call upon the vessel owner for anything due to the claimant."  402 F.3d at 1090 (citation omitted).

The 2009 letters request documentation of the plaintiffs' liability and homeowner insurance and ask for the policies' limits.  (Doc. 5 Ex. A)  The last of the letters states that Cauble suffered "severe and permanent injuries" during the July 9, 2009, incident on the plaintiffs' vessel.  (Doc. 5 Ex. F)  Asserting the plaintiffs' liability, the letter concludes:

> we will extend our investigation into other theories of liability to include a review of all possible civil and criminal courses of actions [sic] against your insured . . . [W]e will further explore the applicability of punitive damages against your insured for which they will be personally liable.
>
> As soon as [Cauble's] medical condition has stabilized, we will forward a complete demand package . . . .

(Doc. 5 Ex. F)  The plaintiffs concede the 2009 letters blame the plaintiffs for an injury that will result in a claim subject to limitation.  (Doc. 7 at 9)

In Paradise Divers, Inc. v. Upmal, 402 F.3d 1087 (11th Cir. 2005), the claimant's counsel contacted the owner of a vessel in two letters that sought the owner's insurance information (including excess coverage) and that asserted the owner's liability, claimed

- 2 -

"tens of thousands of dollars in medical bills," and promised a demand letter. 402 F.3d at 1088-89. Upmal holds that the letters constitute notice of a claim. The plaintiffs object that the 2009 letters contain no claim of a right, no demand for an amount owed to the claimant, no supporting evidence, and no precise value of a claim; (Doc. 7 at 9) but these aspects of the 2009 letters are no less adequate than the letters in Upmal. See 402 F.3d at 1091. The Upmal letters claim a right by asserting the vessel owner's liability; Cauble's letters also assert the vessel owners' liability. The Upmal letters demand an amount owed by promising a formal demand (which notified the vessel owner of the claimant's intent to sue); Cauble's letters likewise promise the plaintiffs a "complete demand package." Nothing in Upmal suggests supporting evidence attached to a claimant's letters is required or relevant.[1]

Finally, the Upmal letters' reference to tens of thousands of dollars in medical expenses and to "excess insurance" compelled the conclusion that the claim would exceed the "modest" $50,000 value of the vessel in that case. 402 F.3d at 1091. Similarly, a reasonable reader must conclude from the 2009 letters that Cauble's claim would exceed the $90,000 value of the plaintiffs' vessel. The letters state that Cauble suffered severe and permanent injuries and that her medical condition remained unstable for months. The letters request the limits of the plaintiffs' insurance – hardly different from asking specifically about "excess insurance." The letters also informed the plaintiffs that Cauble would seek punitive damages. Like in Upmal, the claim could

---

[1] Further, supporting evidence is more than the mere "notice" of a claim required by the Limitation Act. For example, "in the typical case, the filing of a complaint serves as written notice of [a] claim," In re McCarthy Brothers Co., 83 F.3d 821, 829 (7th Cir. 1996), yet a valid complaint needs no supporting evidence.

potentially not equal the value of the vessel; but, also like in Upmal, the reasonable prediction based on the letters was that the claim would far exceed the value of the vessel.[2]

This action resembles Upmal too closely for the plaintiffs to find a distinguishing feature. The letters Cauble's attorney sent to the plaintiffs in 2009 were written notice of a claim, and the six months to file a limitation action has long passed. Cauble's motion is **GRANTED** and the plaintiffs' action is **DISMISSED WITH PREJUDICE**. The motions for miscellaneous relief (Docs. 3, 4) are **DISMISSED** as moot. The clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on June 23, 2011.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] As has occurred. Although the plaintiffs redacted Cauble's settlement demand from the formal demand letter, the medical expenses, lost wages, and pain and suffering listed in that letter come to over $650,000. (Doc. 7 Ex. 1 at 7) Especially considering the harsh tone of the final 2009 letter (e.g., "severe and permanent injuries"; "we will review . . . all possible civil and criminal courses of actions"), this amount, much more than the value of the vessel, was entirely foreseeable.